IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02-CR-43-TCK |
| | ) | 05-CV-276-TCK |
| DENNIS LEE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant Dennis Lee Davis' pro se motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 (Dkt. # 65), a supporting brief (Dkt. # 66), a motion to amend (Dkt. # 73), and an amended motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 74).

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a).

### Background

On March 7, 2002, Davis was named in a one-count sealed Indictment (Dkt. # 1), unsealed on April 30, 2002. (Dkt. # 2). The Indictment charged Davis with possession of a firearm and ammunition after former conviction of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Dkt. # 1 at 1-2). On June 13, 2002, the government filed notice of seeking an enhanced penalty

under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) (Dkt. # 27).[1]

On November 9, 2001, Davis was arrested for driving with a suspended license by a Tulsa Police Officer, following a traffic stop. From a non-consensual search of a tool box located in the bed of the truck, the officer discovered a loaded .380 semi-automatic handgun, drug paraphernalia, and small quantities of marijuana and methamphetamine. Also located in the toolbox were checks and other bank papers which had been stolen during a residential burglary on the previous day. On July 11, 2002, during a motion to suppress hearing, Davis gave false and misleading testimony regarding the identity of the truck and his lack of access to the toolbox in an attempt to suppress the evidence seized by the officers during his arrest. Davis' testimony was later proved to be false when his fingerprints were found on one of the carbon check copies located in the toolbox.

Jack Schisler, a member of the Criminal Justice Act ("CJA") panel, was appointed to represent Davis (Dkt. # 4). After being found guilty by a jury on the offense charged, Davis was sentenced to 280 months imprisonment, fours years supervised release and a $5,000 fine. (Dkt. # 50). Davis' sentence was enhanced pursuant to United States Sentencing Guidelines ("U.S.S.G.") §3C1.1 by two-levels for obstruction of justice for his false testimony at the suppression hearing, and pursuant to § 924(e)(1), which applied a minimum 15-year sentence for Davis' status as a career criminal (Dkt. # 74-3, Ex. C at 7). The Tenth Circuit affirmed Davis' conviction and sentence on

---

[1] Davis was charged with having four predicate violent or controlled substance convictions: Second Degree Burglary on April 15, 1991, in Tulsa County District Court; Second Degree Burglary on April 26, 1993, in Tulsa County District Court; Unlawful Possession of Controlled Drug with Intent to Distribute on March 25, 1998 in Washington District Court; and Unlawful Possession of Controlled Drug with Intent to Distribute on October 3, 1997 in Tulsa County District Court. (Dkt. # 27 at 1-2).

January 8, 2004.[2]  United States v. Davis, 87 Fed. Appx. 94 (10th Cir. 2004)(unpublished).  Davis' petition for writ of certiorari was denied by the Supreme Court on May 17, 2004 (Dkt. # 63).  Davis filed his original § 2255 motion on May 16, 2005, within the one-year statute of limitation provided by § 2255.

In his original § 2255 motion, Davis raised the following issues:

(1)     Whether his Fourth Amendment rights were violated when officers searched his truck instead of addressing the traffic offense basis for the stop.

(2)     Whether his Sixth Amendment rights were violated by a court-finding, applying a preponderance of the evidence standard, to enhance Davis' sentence for obstruction of justice rather than a jury-finding, applying a reasonable doubt standard.

(3)     Ineffective assistance of counsel in failing to object that the jury instruction on knowingly possessing a firearm should not include possessing a firearm that "would not fire."

(4)     Ineffective assistance of counsel in failing to object to the admission of evidence as to his prior burglary of a residence and forgery of stolen checks.

(Dkt. # 65, at 7-8).

Davis simultaneously filed a brief in support of his § 2255 motion, giving a concise version of the facts and law he relied on to support his claims (Dkt. # 66).  The government timely filed a response on July 12, 2005 (Dkt. # 76).  The matter was properly before the Court and ripe for determination.

## Motion to Amend

Davis filed his motion to amend and his amended § 2255 motion on July 11, 2005. It is clear from the June 29, 2005 execution date shown on these pleadings that Davis prepared his motion

---

[2] On appeal, Davis challenged the denial of his motion to suppress of the search of the toolbox, the admission of his prior burglary of the residence and forgery of stolen checks, and the use of the jury instruction defining the term "knowingly possessed" a firearm. Id. at 96.

3

to amend and his amended motion prior to receiving a copy of government's response brief.

Davis seeks to amend "by withdrawing his previous motion in its entirety" and "substituting" his amended motion in its place. (Dkt. # 73 at 1). Further, Davis states his amended motion "is based on the contention that his original filing was to meet the deadline imposed by AEDPA and the substitution motion more adequately presents proper legal arguments for his position."[3] (Dkt. # 74).

Davis' amended motion challenges the constitutionality of the Court imposing an enhanced sentence based on his prior felony convictions and based on obstruction of justice, arguing that the government had not proved these claims to a jury beyond a reasonable doubt. Davis requests that his sentence of imprisonment be corrected to a term of 120 months, the statutory maximum sentence proscribed by § 922(g)(1) without the added enhancements. Davis relies on Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005) and other Supreme Court opinions, in summarizing his argument:

> The United States Supreme Court has held that the United States Sentencing Guidelines, sentencing enhancement provisions are, and were, unconstitutional as applied, and the right to a jury determination was never lost. The Supreme Court recognized no new rule but a structural error calling into question the integrity of the court and reaffirming 'the need to preserve Sixth Amendment substance.' Movant is entitled to sentencing correction to correct the unconstitutional enhancements.

(Dkt. # 74-2 at 1).

Although Davis' original § 2255 motion was timely filed, both his motion to amend and his amended motion were filed outside the one-year statute of limitations. Davis' one-year statutory period ended on May 17, 2005. He filed his first § 2255 on May 16, 2005. His motion to amend

---

[3] By "AEDPA" Davis is referencing the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, § 105, 110 Stat. 1214, 1220 (amending 28 U.S.C. § 2255).

4

and his amended § 2255 motion were filed on July 11, 2005, two months after the statute of limitations had run. Davis voluntarily withdrew his original § 2255 motion.[4] Therefore as an initial matter, the Court must determine whether Davis' motion to amend should be granted by considering whether the Court retains authority to determine the issues raised in Davis' amended motion.

Davis attempts to amend his original § 2255 motion under the provisions of Fed. R. Civ. P. 15(a), which allows a party to amend its pleading once as a matter of course before being served with a responsive pleading. "Rule 15 governs a motion to amend a § 2255 motion if it is made before the one-year limitation period for filing a § 2255 motion has expired." United States v. Ohiri, 133 Fed. Appx. 555, 557 (10th Cir. 2005)(unpublished). The Court finds that because Davis' motion to amend is untimely, Rule 15(a) does not govern his request to amend.

As a result of the one-year limitation period, this Court is without authority to grant the motion to amend unless the proposed amendment "relates back" to the date when defendant filed his original motion as defined by Fed.R.Civ.P. 15(c). When proposed claims in an amended pleading are barred by the statute of limitations, Rule (c) provides for the relation back of an amendment to the original pleadings under certain circumstances. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . .in the original pleading." Id. at 317 citing Fed.R.Civ.P. 15(c)(2). In United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000) the

---

[4] The first, third and fourth issues raised by Davis in his original § 2255 motion are substantially the same issues raised by his counsel on direct appeal and denied by the Tenth Circuit in the Order and Judgment entered in this case. See United States v. Davis, 87 Fed. Appx. at 96. Issues decided on direct appeal can not be raised in a § 2255 motion. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Although voluntarily withdrawn by Davis, those issues were nonetheless without merit.

5

Tenth Circuit held that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of the [original motion] if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." Id. at 504.

In comparing the issues raised in Davis' original § 2255 motion with his amended motion, the Court finds that Davis' challenge to the constitutionality of the 2-level sentencing enhancement for obstruction of justice relates back to the second issue that Davis raised in his original motion and is not time-barred. The Court finds that Davis' new claim that his sentence was also improperly enhanced by his prior felony convictions is an improper attempt by him to add a claim or assert a new theory into his case which is time-barred. A 2-level enhancement based on obstruction of justice is an entirely separate claim from that regarding enhancement under § 924(e)(1) arising from Davis' status as a career criminal based on his prior felony convictions which invoked the 15-year mandatory minimum sentence. The facts and law set forth in Pittman are instructive. Defendant Pittman sought to amend his timely-filed § 2255 motion to vacate. In Pittman's first motion to vacate, he alleged that the court lacked jurisdiction to impose an enhanced sentence based on prior convictions, the enhancement was improper, and the government had not proved by a preponderance of the evidence that the drugs at issue were crack cocaine. In his amended motion to vacate, Pittman asserted that counsel's failure to file an appeal constituted ineffective assistance, and that the court improperly enhanced his sentence for obstruction of justice. Id. at 317-318. In addressing the new enhancement for obstruction of justice claim, the Fourth Circuit stated "[w]hile this claim has the same form as the original claims for improper enhancement, it arises out of wholly different

conduct." Id. at 318.  The "new claims do not relate back to his original claims because they arise from separate occurrences of 'both time and type.'"  Id.  Pittman argued that his new claims should relate back because the "occurrence" under Rule 15(c) should be the entire trial and the sentencing hearing.  In rejecting defendant's argument, the Fourth Circuit reasoned that to allow an amendment simply because the amended claims relate to the same trial and sentencing proceedings as those of the original motion "would undermine the limitations period set by Congress in the AEDPA."  Id. (cited with approval by the Tenth Circuit in United States v. Espinoza-Saenz, 235 F.3d at 504).  In this instance, Davis' false testimony at his suppression hearing arises out of wholly different conduct than his prior felony convictions.  The Court finds that Davis' sentence enhancement based on those events arise from separate occurrences both as to time and type.

Accordingly, the Court finds that the only viable issue raised in Davis' amended motion is whether the 2-level enhancement for obstruction of justice renders Davis' sentence constitutionally invalid because it was determined by the Court applying a preponderance of the evidence burden of proof rather than by a jury applying the more onerous burden of beyond a reasonable doubt.  The other claim raised in Davis' amended § 2255 motion addressing enhancement of his sentence based on prior felony convictions is time-barred and outside the authority of the Court to determine. Accordingly, Davis' motion to amend is granted.  However,  the Court's consideration of the claims raised in the amended motion is limited to the issue of Davis' 2-level enhancement for obstruction of justice.  The other claim raised as to the enhancement by prior felony convictions is stricken by the Court as time-barred.

**Discussion**

Davis offers a 30-page dissertation to support his claim that his 2-level enhancement was unconstitutionally imposed by judge-found facts using the preponderance of the evidence standard. Rather than addressing the retroactive application of Booker and Blakely to his case, Davis' brief essentially focuses on the theory that under the Constitution the right to a jury's determination of all essential disputed facts in a criminal case is a fundamental right that pre-dates Booker and Blakely. Davis states: "The Sixth Amendment right to jury trial and proof beyond a reasonable doubt of all facts essential to the punishment does not require a retroactive determination, for those rights had been enshrined since the Magna Carta." (Dkt. # 74-2 at 7). According to Davis, a jury-finding by the reasonable doubt standard is a fundamental right, rather than a "new rule of criminal procedure," the latter being the requisite criterion for retroactive status of Supreme Court decisions. See, e.g., United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005)("Generally speaking, a new rule of criminal procedure 'will not be applicable to those cases which have become final before the new rules are announced' [citation omitted]. Applying this principle, we have previously determined that Blakely provides a new rule of criminal procedure and is not subject to retroactive application on collateral review.")

The Court finds that Davis' theories are strictly academic requiring no further consideration by this Court. The Court is bound by the Tenth Circuit precedent in United States v. Bellamy, which holds that the Supreme Court announced "new rules of criminal procedure" in Booker and Blakely which have no retroactive application to cases which became final prior to the issuance of those opinions. As previously stated, Davis' judgment became final on May 17, 2004, the date certiorari was denied by the Supreme Court in his case. Blakely was subsequently decided by the Supreme

Court on June 24, 2004, and <u>Booker</u> was decided later on January 12, 2005. However, the Court finds that these theories have been timely raised in Davis' amended motion and are therefore preserved for appellate review.

## Conclusion

The Court finds that defendant Davis has failed to show that the sentence imposed by this Court is unconstitutional requiring it to be vacated, set aside or corrected. Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief. In this case, the Court concludes that the record conclusively shows that defendant Davis is entitled to no relief, and a hearing is unnecessary.

**IT IS THE ORDER OF THE COURT** that the Motion to Amend Pursuant to Rule 15(a) Fed.R.Civ.P. filed by defendant Dennis Lee Davis (Dkt. # 73) is granted. However, the Court's consideration of the claims raised in the amended motion is limited to the issue of Davis' 2-level enhancement for obstruction of justice. The other claim raised is hereby stricken by the Court as time-barred.

**IT IS FURTHER ORDERED** that upon consideration of the merits, defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 74) is hereby denied**.**

DATED THIS 18th day of September, 2008.

_____
TERENCE KERN